Giménez Muñoz, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Nos corresponde resolver si un notario incurre en responsabilidad civil al notarizar la transferencia de varios certificados de acciones que fueron, alegadamente, apropiados ilegalmente por su adquiriente.
*1079 I
El caso de epígrafe se inició con la presentación de una demanda el 26 de agosto de 1993, en la que los demandantes alegan que siendo propietarios de cuatro certificados de acciones, éstos fueron transferidos sin su consentimiento ni conocimiento al Sr. Isaac Menda Bitón, mediante documento de transferencia notarizado ante la licenciada apelada, Yolina C. Souto Acero. Alejadamente la notario Souto Acero dio fe notarial de declaración jurada, sin la comparecencia personal de los demandantes-apelantes, María de los Angeles Rodríguez y su esposo, Rafael Anca Nieves. 
Alegó la parte demandante que el acto de la notarización provocó las pérdidas del valor de los certificados y que el adquiriente de los mismos se apropiara de la suma de dinero que representaban esos certificados.
La demandada-apelada contestó la demanda, aceptando que los demandantes eran dueños de los certificados de acciones y que autorizó un documento que los transfería a la cuenta del señor Menda Bitón. La notario demandada suscitó además varias defensas, entre otras, la defensa de prescripción y falta de partes indispensables.
El 18 de febrero de 1994 la parte demandante radicó demanda enmendada y solicitó autorización para emplazar por edictos al referido Isaac Menda Bitón. Así las cosas, el Tribunal de Primera Instancia admitió la demanda enmendada y ordenó la expedición de emplazamientos por edicto, al amparo de la Regla 4.5 de Procedimiento Civil. Entablada la controversia y luego de iniciado el descubrimiento de prueba el 16 de mayo de 1995, la demandada-apelada presentó MOCION DE DESESTIMACION fundamentada en el incumplimiento de la orden para la acumulación de una parte indispensable y la negativa de descubrir cierta prueba. La parte demandante-apelante presentó oposición e indicó en la misma que era imposible traer como parte al señor Menda Bitón porque existía un laudo de arbitraje del New York Stock Exchange y ello impedía la delitigación del asunto. La parte demandante desistió luego de la acción contra el señor Menda Bitón y señaló que su reclamación se limitaba al acto de notarización y la responsabilidad que ello conllevara. La apelada se opuso al desistimiento por haber transcurrido el exceso del término de seis meses para emplazar al señor Menda Bitón.
En fecha posterior la demandada-apelada presentó SEGUNDA MOCION DE DESESTIMACION y Escrito en Apoyo, en cuyas mociones sucintamente indicó que no se había emplazado una parte indispensable; que los hechos no establecían una relación causal entre los daños y la acción; que se había omitido acumular una parte indispensable; y, por último, que el laudo emitido era cosa juzgada.
En sentencia que dictara el Tribunal de Primera Instancia el 14 de marzo de 1996, archivada el 20 de marzo del mismo año, acogió las defensas presentadas por las demandadas por los fundamentos de parte indispensable, que el laudo de arbitraje equivalía a cosa juzgada y que la notario, al notarizar el documento, sólo había autenticado la firma, sin asumir responsabilidad.
El 23 de mayo de 1996, archivado el 29 de mayo, el Tribunal de Primera Instancia declaró no ha lugar la MOCION DE RECONSIDERACION que la parte demandante radicara el 2 de abril de 1996. La parte demandante-apelante también presentó en esa misma fecha una MOCION SOLICITANDO QUE SE REFIERA ASUNTO AL TRIBUNAL SUPREMO por razón de las cuestiones éticas envueltas, pero tanto la reconsideración solicitada como la moción para que se refiriera el asunto al Tribunal Supremo, fueron declaradas sin lugar por el Tribunal de Primera Instancia.
Inconforme con lo resuelto, apelan los demandantes y aducen la comisión de los siguientes errores:

"PRIMER ERROR

ERRO EL HONORABLE TRIBUNAL AL CONCLUIR QUE MENDA ES PARTE INDISPENSABLE.

SEGUNDO ERROR

*1080
ERRO EL HONORABLE TRIBUNAL AL CONCLUIR QUE LA ACCION CONTRA YOLINA C. SOUTO ACERO PRESCRIBIO.

TERCER ERROR

ERRO EL HONORABLE TRIBUNAL AL DETERMINAR QUE EL LAUDO EMITIDO "...ACTIVA LA FIGURA DE COSA JUZGADA EN SU MODALIDAD DE IMPEDIMENTO COLATERAL POR TEXTO COMPLETO DE LA SENTENCIA..."

CUARTO ERROR

ERRO EL HONORABLE TRIBUNAL AL DETERMINAR QUE NO EXISTE NEXO CAUSAL ENTRE EL ACTO DE LA NOTARIZACION Y EL DAÑO.

QUINTO ERROR

ERRO EL HONORABLE TRIBUNAL AL NO REMITIR AL TRIBUNAL SUPREMO LOS ASUNTOS ETICOS PLANTEADOS RELACIONADOS CON LA CONDUCTA PROCESAL DE LA APELADA Y SU REPRESENTANTE PROFESIONAL."

La demandada-apelada, Yolina C. Souto Acero presentó su alegato el 12 de noviembre de 1996, por lo que nos encontramos en condiciones de resolver.
II
Las determinaciones del Tribunal de Primera Instancia aparecen sostenidas por varios documentos, entre otros, el documento de transferencia notarizado el 19 de marzo de 1991 y el Informe del Indice Notarial rendido por la apelada para el período comprendido desde el 1ro. al 31 de marzo de 1991, que incluye la fecha en que los demandantes-apelantes, Rafael Anca Nieves y María de los A. Rodríguez Alvarez, suscribieron el documento denominado "SECURITY RELEASE", ante la notario demandada, Yolina C. Souto Acero. Al firmar el documento, denominado "SECURITY RELEASE", los demandantes-apelantes se identificaron con las licencias de conducir número 176094 y 276299 y suscribieron el Afidávit Núm. 218 ante la notario apelada, Yolina C. Souto Acero, el 19 de marzo de 1991.
Lo primero que observamos, conforme se desprende de los hechos relatados en las alegaciones, del "SECURITY RELEASE" y el Informe del Indice Notarial ya mencionado, es que nos encontramos ante una acción extracontractual cuyos hechos tuvieron lugar el 19 de marzo de 1991 al suscribirse el documento de traspaso, mientras que la demanda en cuestión fue presentada el 27 de agosto de 1993. En la CONTESTACION SUPLEMENTARIA A REQUERIMIENTO DE ADMISIONES E INTERROGATORIOS, los apelantes aceptaron que sus firmas aparecen en el documento "SECURITY RELEASE" de fecha de 19 de marzo de 1991.
La afirmación que hacen los demandantes de que no conocieron la existencia del documento notarizado hasta el 11 de septiembre de 1992 fue descartado por el Tribunal de Primera Instancia. Las circunstancias, entendió el Tribunal de Primera Instancia, apuntan hacia su conocimiento desde junio de 1992. Es de notar que la querella ante la Bolsa de Valores de New York que diera lugar al laudo de arbitraje fue radicada el 25 de junio de 1992, un año y dos meses después de la transferencia y el acto de notarización en cuestión. Por otro lado, la demanda predicada en la transferencia de los cuatro certificados de acciones, fue presentada el 27 de agosto de 1993. No existe, ni la parte apelante nos indica que exista, ningún otro documento que no fuera el notarizado el día 19 de marzo de 1991.
Independiente de lo anterior, es claro que la acción no puede prosperar por carencia de responsabilidad del notario. No sólo se trata de una alegada apropiación del valor de los certificados sin que exista prueba de participación en ello de parte de la notario. La alegación de que la notario apelada "provocó" con el acto de notarización que los demandantes perdieran la suma representada por los certificados de acciones, no basta para exigirle responsabilidad. La parte demandante-apelante no ha intentado involucrar a la apelada de ningún otro modo ni ha ofrecido ningún otro dato o explicación a base del cual podamos requerirle responsabilidad civil extracontractual.
*1081 Debe tenerse presente que mediante un acto de notarización, el notario sólo da fe de la autenticidad de la firma y de que el documento fue suscrito por quien realmente lo firmó. Santiago v. Echegaray, 139 D.P.R. _ (1995), 95 J.T.S. 20. No se trata de un mal asesoramiento, una.impropia redacción del documento o un malicioso proceder de el(la) notario. El(la) notario, es sabido, no califica, como tampoco asume responsabilidad por el contenido del documento. P. Malavet Vega, Manual de Derecho Notarial Puertorriqueño, Estudios de Derecho Puertorriqueño, Ed. 1988, pág. 142. Ponce v. Registrador, 87 D.P.R. 215 (1963).
En una palabra, la notario se limitó a la esfera de sus deberes como funcionario; algo que es reconocido por los demandantes-apelantes al sujetar su causa de acción al acto de notarización. No existe, pues, causa de acción válida, es decir, la acción o comisión negligente de un acto. La relación causal que hubiere sido necesaria existiera entre el acto de la notarización y el daño alegado, de encontramos ante una válida causa de acción, tampoco hubiere estado presente.
El primer y tercer error que se le imputa al Tribunal de Primera Instancia, aunque fueran cometidos, no cambian el curso decisorio y la confirmación de la sentencia emitida. 
El último señalamiento, catalogado como error, que hace la parte apelante, es en el sentido de que el Tribunal erró al no remitir al Tribunal Supremo de Puerto Rico los asuntos éticos planteados y relacionados con la conducta profesional de la apelada y su representación profesional.
La apelante no especifica la conducta antiética a la que alude y se limita a señalar que "ante el señalamiento de conducta antiética" debió referirse el asunto al Tribunal Supremo de Puerto Rico. Entendemos, no obstante, que la apelante se refiere al acto de notarización, acto este que como ya hemos visto y concluido, no acarrea responsabilidad de la notario. Este acto de notarización, además, está expresamente autorizado por la Ley Notarial. 4 L.P.R.A. see. 2091. Por tanto, no era un asunto que hacía necesario el referirlo a nuestro Tribunal Supremo.
Sin embargo, los apelantes pueden, de estimarlo propio, querellarse ante el Colegio de Abogados, 4 L.P.R.A. 773a, ante el Procurador de General de Puerto Rico, 3 L.P.R.A. 84d o ante el Tribunal Supremo de Puerto Rico, Regla 14 del Reglamento de este Tribunal.
Por las consideraciones expresadas, se confirma la sentencia emitida por el Tribunal de Primera Instancia de 14 de marzo de 1996.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 60
1. Según surge del Requerimiento de Admisiones que le fuere cursado a los demandantes, estos aceptaron que las firmas que aparecen en el documento denominado "SECURITY RELEASE" (documento de transferencia) eran suyas, pero alegaron que no lo habían suscrito ante la notario apelada.
2. La demandante no emplazó en el período de seis meses al señor Menda Bitón.
3. Los elementos necesarios, según apunta la doctrina de cosa juzgada, requieren que concurran la más perfecta identidad entre las cosas, las causas, la persona de los litigantes y la calidad en que lo fueron. Artículo 1204 del Código Civil, 31 L.P.R.A. 3343.